## CAUTHORN v. ALLEN.

No. 29323. May 7, 1940.

Rehearing Denied July 2, 1940.

*104 P. 2d 247.*

Clifford W. Clift and John Barry, both of Oklahoma City, for plaintiff in error.

C. C. Andrews, of Oklahoma City, for defendant in error.

BAYLESS, C. J. E. J. Allen sued Lee Cauthorn in the common pleas court of Oklahoma county to recover $213.75, alleged to be due under and by virtue of the terms of a written contract set out with the petition. The case was tried without a jury, and from the judgment in favor of Allen for $140, Cauthorn appeals.

The written contract recites that Allen, as agent for Cauthorn, had sold a certain automobile for the sum of $700, which $700 was paid to Cauthorn by the assignment to him of that much of a mechanic's lien claim against a named oil company. The oil company was in receivership, and at the time of the assignment to Cauthorn, the time when any money would be paid on this claim and the amount thereof were conjectural. The remainder of the contract reads:

"My claim is to be paid out of the first money received thereon and for the services rendered in said matter, the said E. J. Allen is to receive the sum of $200.00 or 2/7 of said claim, and the money received on said claim shall be distributed in the following manner between us:

"As the money is received by me, I will pay to the said E. J. Allen 2/7 of any amount received until the total sum of $200.00 shall have been paid in full, and when so paid, the same shall be and constitute a full and complete settlement due for the sale of said automobile.

"It is further understood that there is an additional sum due E. J. Allen of $13.75, to be paid to E. J. Allen, when the said sum of $700.00 has been paid to me."

The instrument bears the signature of Cauthorn only.

Cauthorn denies signing the contract, and denies that any such agreement was ever made between him and Allen either verbal or written, and denies other allegations and testimony of Allen material to the establishment of Allen's cause of action. However, since this is a law action the finding of the court has the effect of a jury's verdict on conflicting testimony, the judgment in favor of Allen amounts to a finding on his behalf on these conflicting issues. Therefore, for the purpose of this appeal, we must take as an established fact the execution and delivery of the written contract, its binding effect upon the parties, and Allen's right to recover thereunder if he can recover at all.

The second proposition is that there is no evidence to support the judgment for $140. The evidence is that Cauthorn owned an assignment of a portion of the lien claim, and held it for about two years, and sold it to another person for $140. Afterward, the mechanic's lien claim was paid in full, and since Cauthorn had parted with his assignment,

all Cauthorn ever received from the assignment was the $140. The effect of the judgment in favor of Allen was to hold he was entitled to all of the money received by Cauthorn, and it is necessary to see whether this is sustainable under the terms of the contract.

As we read the contract, Allen's right to receive $200 from Cauthorn was dependent upon Cauthorn receiving the whole $700. That this was Allen's interpretation of the contract also is disclosed by his own testimony when he testified:

"Q. (Mr. Clift) You understand Mr. Cauthorn was to get the $700 before you were to get anything? Before you got the commission? A. I think he was to pay me as he got the money. I believe that is the way it was agreed upon."

That is our interpretation of the contract. The contract expressly provides that the money received on said claim shall be distributed in the following manner "between us": "As the money is received by me, I will pay to the said E. J. Allen 2/7 of any amount received until the total sum of $200.00 shall have been paid in full. * * *" Under this interpretation of the contract, Cauthorn would be indebted to Allen as he received the money, and only for 2/7 of the amount received and no more. Therefore, if Cauthorn never received the entire $700, Allen would never be entitled to receive the entire $200. We agree with Cauthorn's contention that at most the evidence would only justify a judgment for 2/7 of $140.

Allen makes statements in the argument in his brief that we construe as intimations that he feels that the sale that Cauthorn claims to have made was not actually made. He does not call attention to evidence in the record to support these intimations, and we are unable to find any. He did not plead such an issue. Insofar as the record is concerned, there is nothing to contradict Cauthorn's testimony and other evidence that he did actually sell the interest in the lien claim for $140, and that such sum is all that he ever realized therefrom.

The judgment of the trial court is modified by directing a remittitur of said judgment to $40 with interest from the date of the original judgment in the trial court, and as modified, affirmed; said remittitur to be filed in the trial court within 15 days after filing of the mandate from this court; otherwise, cause is reversed.

OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.